UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re: }
MARION RAYMOND PHILLIPS and }
THERESA ELAINE PHILLIPS, }
} Case No. 09-42937-JJR-7
Debtors. }

## OPINION AND ORDER

This matter came before the Court on the Debtors' Motion to Avoid Judicial Lien of BancorpSouth Bank (Doc. 38) and Bancorp's Objection to the Debtors' Motion (Doc. 45). The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); therefore, the Court has authority to enter a final order. In compliance with Rule 7052(a) of the Federal Rules of Bankruptcy Procedure, the following shall constitute the Court's findings of fact and conclusions of law.[1]

For the reasons stated below, the Court is granting the Debtors' Motion and overruling Bancorp's Objection.

FINDINGS OF FACTS:

The facts, according to the parties' stipulation (Doc. 49), are as follows:[2] Marion Phillips, one of the Debtors in this case ("Mr. Phillips") owned commercial real estate that was encumbered by a mortgage held by Bancorp. Mr. Phillips defaulted, and Bancorp held a non-judicial, power of

---

[1]All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2]Additional uncontested facts were also gathered from the Debtors' schedules and the parties' pleadings.

sale foreclosure of the mortgage. It was implicit from the stipulated facts that the foreclosed property was located in Alabama. The foreclosure sale did not pay the mortgage debt in full, and after the foreclosure Bancorp filed suit in the Marshall County Circuit Court against Mr. Phillips and recovered a judgment in the amount of $29,644.34 plus $251.00 costs (the "Judgment"). Bancorp recorded a certificate of judgment in the Probate Office of Marshall County, Alabama, the same county where the Debtors' homestead is located.

On schedule A the Debtors valued their homestead at $72,000 and stated it was encumbered by a mortgage in the amount of $60,890.43. The Debtors each claimed a $5,000 homestead exemption on schedule C for a total of $10,000, the maximum homestead exemption allowed for joint debtors under Alabama law. Ala. Code § 6-10-2 (1975). No party in interest timely challenged the Debtors' claimed exemptions.[3]

CONCLUSIONS OF LAW:

In their Motion, the Debtors seek to avoid Bancorp's Judgment pursuant to § 522(f) of the Bankruptcy Code.[4] After being reduced to its essence for application to the facts in this case, paragraph (1)(A) of § 522(f) provides that "the debtor may avoid . . . a [judicial] lien . . . to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . ." And paragraph (2)(A)-(B) sets out the formula for calculating whether, and to what extent, a lien impairs a debtor's exemption. Simply stated, an impairment exists to the extent the sum of (i) the subject

---

[3] Rule 4003(b) requires that an objection to a debtor's claim of exemption must be filed within 30 days after the meeting of creditors held under § 341(a) or within 30 days after any amendment or supplement to the list of property claimed as exempt. The § 341(a) meeting was held in this case on November 6, 2009.

[4] 11 U.S.C. § 101 *et seq.*

lien, (ii) other unavoided liens, and (iii) the exemption, exceeds the value of the debtor's interest in the property. According to the Debtors' schedules, the mortgage lien encumbering the homestead ($60,890.43) and homestead exemption ($10,000.00) total $70,890.43; the value of the homestead property is $72,000. Thus, although there may be other factors to consider, it appears the Judgment impairs the Debtors' exemption to the extent of all amounts in excess of $1,109.57 (i.e. $72,000.00 less $70,890.43).[5]

The statutory formula for calculating impairment of exemptions is subject to the exception in subparagraph (C) of § 522(f)(2). That subparagraph states that § 522(f)(2) "shall not apply with respect to a judgment arising out of a mortgage foreclosure." Bancorp argues that its Judgment arose out of a mortgage foreclosure and, therefore, may not be avoided. At the hearing on the Motion, Debtors' counsel argued that only judgments arising within the confines of the mortgage foreclosure process fall under subparagraph (C), and not judicial liens arising from post-foreclosure deficiency judgments.

This Court agrees with the Debtors and with the First Circuit's interpretation of § 522(f)(2)(C) as expressed in *Banknorth, N.A. v. Hart (In re Hart),* 328 F. 3d 45 (1st Cir. 2003). In *Hart*, the bank foreclosed its mortgage, but the foreclosure left a $12,921.48 deficiency. The bank filed suit to collect the deficiency and obtained a judgment for the full amount plus interest; the

---

[5]The above calculation of the extent the Judgment impairs the Debtors' exemptions is not intended to be binding on the parties, and is used by the Court only as an example. No issue was raised by the parties regarding the extent of impairment. There may be other factors to be considered, namely whether there are other unavoided liens that should be included in the calculation. Moreover, Bancorp's Judgment is only against Mr. Phillips and not his wife, but the homestead is owned jointly by the Debtors and the mortgage encumbers both their interests in the property. These facts and perhaps others may have an impact on the extent of the impairment.

3

judgment was duly recorded. Predictably, the Harts filed chapter 7 bankruptcy and moved to avoid the bank's judicial lien on the grounds that it impaired their exemption. The bank in *Hart* made the same argument as Bancorp in this case: § 522(f)(2)(C) does not allow a debtor to avoid a post-foreclosure deficiency judgment because such a judgment arises out of a mortgage foreclosure.

The circuit court made note of a subtle but significant difference in the nomenclature used in the subparagraphs comprising § 522(f). Specifically, subparagraphs (1)(A) and (2)(A),(B) use the terms *judicial lien* and *lien*, while (2)(C) uses the term *judgment*. And this subtle difference, according to the *Hart* court, was evidence enough of what Congress intended:

> Congress used § 522(f)(2)(C) to contrast mortgage foreclosure judgments from liens which are avoidable under § 522(f), clarifying that the entry of a foreclosure judgment does not convert the underlying consensual mortgage into a judicial lien which may be avoided. Mortgage foreclosure judgments do not become judicial liens subject to avoidance under § 522. "Rather, a deficiency judgment–whether it arises in a foreclosure action . . . or in a separate action . . . is a non-consensual judicial lien like any other which is subject to avoidance under § 522(f)." *In re Linane,* 291 B.R. 457, 461 (N.D. Ill. 2003).
>
> \* \* \* \*
>
> Congress uses the word "lien" throughout § 522(f) and only uses "judgment" in § 522(f)(2)(C). As the Appellate Panel point out, Congress would have used the word "lien" if it intended to exclude deficiency judgment liens [from being avoided].

328 F. 3d at 49.

Bancorp urged this Court to follow *In re Criscuolo,* 386 B.R. 389 (Bankr. D. Conn. 2008) (Dabrowski, C.J.). In *Criscuolo* the court held that § 522(f)(2)(C) protected post-foreclosure deficiency judgments from avoidance, and denied a chapter 7 debtor's motion seeking to avoid such a judgment. While the analysis of § 522(f) in *Criscuolo* is worthy of consideration, the Court finds the First Circuit's analysis in *Hart* more persuasive.[6]

---

[6]An earlier bankruptcy court opinion from the same district, albeit by another judge, held that post-foreclosure deficiency judgments were not protected from avoidance by virtue of §

4

With few exceptions, none of which are applicable here, foreclosures of real estate mortgages in Alabama are non-judicial proceedings that are conducted by mortgagees pursuant to consensual powers of sale granted in mortgages.[7] Power of sale foreclosure in Alabama does not give rise to a judgment at any time during the foreclosure process. In other words, the proceeding is extra-judicial, akin to self-help remedies, and its implementation does not involve a judicial remedy - much less a judgment. As with any secured debt, if disposition of the collateral by a mortgage-creditor does not result in full payment, the creditor may pursue collection of the deficiency by filing suit against the borrower. *See, e.g., Mt. Carmel Estates, Inc. v. Regions Bank*, 853 So. 2d 160, 171 (Ala. 2000). Indeed, the creditor may elect to file suit to collect the debt and reduce his claim to a judgment lien without first foreclosing the mortgage. *In re Mitchell*, 281 B.R. 90, 92 (Bankr. S.D. Ala. 2001) (Mahoney, J.). But in any event, whether a suit to collect the mortgage-debt is filed post- or pre-foreclosure, the resulting judgment is not part of the foreclosure process under Alabama law, and cannot be accurately defined as a "judgment arising out of a mortgage foreclosure." Although non-judicial, power of sale foreclosures are common in many states, the statutory remedies to foreclosure mortgages in other states often require a judicial action in which the successful mortgagee is awarded a judgment of foreclosure or similar decree as a prerequisite to, or in

---

522(f)(2)(C). *Carson v. CitiMortgage, Inc.,* 274 B.R. 577 (Bankr. D. Conn. 2002) (Krechevsky, J.).

[7]*See generally*, Ala. Code § 35-10-1 (1975) *et seq.* Foreclosures of Alabama mortgages executed on or before December 31, 1988 are controlled by §§ 35-10-1 to -10, and those executed after December 31, 1988 are controlled by §§ 35-10-11 to -16. The former provides for two optional methods of foreclosing mortgages which contain no power of sale: judicial foreclosure or sale at the courthouse door. § 35-10-3. The latter is silent with regard to the method of foreclosure if the mortgage contains no such power; the Court assumes judicial foreclosure is the only option in such a case, otherwise the holder of a defaulted mortgage would be left with no remedy though which he could realize the value of his security.

5

conjunction with the foreclosure sale.[8] In this Court's opinion, the obvious purpose behind § 522(f)(2)(C) is to prohibit debtors from avoiding judgments entered during judicial foreclosure proceedings, but before the actual foreclosure sale, and thereby avoid the mortgage-debt as established by the judgment to the extent of the debtor's homestead exemption.[9] If judgments of foreclosure and similar decrees could be avoided, then in states allowing large homestead exemptions a substantial portion, if not all of the mortgage-debt could be avoided leaving the happy chapter 7 debtor with not only a financial fresh start after discharge, but also with a greatly reduced or totally avoided home mortgage. Such would be an absurd result and clearly not one intended by Congress.

Thus, the Court concludes that the Debtors' Motion is due to be granted and Bancorp's Objection is due to be overruled, which will result in the Judgment being avoided to the extent it impairs the Debtors' homestead exemption.

---

[8] No effort will be made to identify states in which judicial foreclosure is the usual method of foreclosing mortgages. Nonetheless, one such state of which this Court is aware is Florida. Fla. Stat. § 702.01 (1998) *et seq.* Under the Florida statutes, the judgment of foreclosure orders the clerk of court to conduct a foreclosure sale and is an *in rem* remedy, distinct from a post-foreclosure deficiency judgment. *Cf.* Fla. Stat. §§ 702.06, 702.10. Although it is highly unlikely the Florida foreclosure statutes were drafted with § 522(f)(2)(C) in mind, they make a clear distinction between a "judgment arising out of a mortgage foreclosure"–a judgment of foreclosure–and a deficiency judgment arising after the foreclosure or ancillary thereto. *See also Chrestensen v. Eurogest, Inc.*, 906 So. 2d 343, 345 (Fla. Dist. Ct. App. 2005) ("Before a cause of action for deficiency can accrue, there must be a final judgment of foreclosure and a sale of the assets to be applied to the satisfaction of the judgment."). Iowa also employs judicial foreclosure of residential mortgages. Iowa Code § 654.1 *et seq*. As in Florida, the court renders a judgment of foreclosure and directs that the mortgaged property be sold; should the sale not satisfy the judgment, the court may issue a general execution against the mortgagor. Iowa Code §§ 654.5 - 654.6.

[9] If this were allowed, a debtor would need to file his bankruptcy after the state court entered the judgment of foreclosure, but before the foreclosure sale.

ORDER:

THEREFORE, for the reasons stated in the above Opinion, the Debtors' Motion to Avoid Judicial Lien (Doc. 38) is GRANTED, and Bancorp's Objection thereto (Doc. 45) is OVERRULED. This Order shall constitute a judgment entered pursuant to Rule 9021.

Dated: March 5, 2010

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge